J. Jonathan Hawk (254350)
jhawk@mcdermottlaw.com
Arianna R. Swazer (359884)
aswazer@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:     +1 310 277 4730

David P. Saunders (Admitted *pro hac vice)*
dsaunders@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, IL  60606-0029
Telephone: +1 312 372 2000
Facsimile: +1 312 984 7700

Attorneys for Defendant Sutter Health

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WASHINGTON, DENNIS GUERETTA, and REBECCA MATULIC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUTTER HEALTH, a California nonprofit corporation; MEMORIAL HEALTH SERVICES, INC., a California nonprofit corporation; MEMORIALCARE MEDICAL FOUNDATION, a California nonprofit foundation; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.  3:26-cv-03012<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SUTTER HEALTH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>*[Filed concurrently with Sutter Health's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6); [Proposed] Order]*<br><br>Date:          September 3, 2026<br>Time:          2:00 P.M.<br>Courtroom:  Courtroom 2, 4th Floor (Oakland)<br>Judge:        Haywood S. Gilliam, Jr. |

## I.    INTRODUCTION

Defendant Sutter Health ("Sutter") respectfully requests that the Court grant its Request for Judicial Notice ("RJN") and consider the document attached hereto as **Exhibit A**.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Evidence 201, "a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Vignola v. Fat Brands, Inc.*, No. CV 18-7469 PSG (PLAX), 2020 WL 1934976, at *3 (C.D. Cal. Mar. 13, 2020) (citing to Fed. R. Evid. 201(b)).  The Court may take such notice "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III.    ARGUMENT

The Court can take judicial notice of **Exhibit A**, which is a copy of Sutter's Notice of Privacy Practices ("NPP") that is publicly available on Sutter's website and accessible at https://www.sutterhealth.org/patient-resources/privacy/hipaa-privacy.   This document describes Sutter's privacy practices related to patient information as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* 45 C.F.R. § 164.520.  Plaintiffs have placed Sutter's privacy practices, and the notice of such privacy practices, squarely at issue in their Complaint. *See, e.g.*, Compl., ¶ 7 ("Plaintiffs did not receive clear notice that their medical conversations would be recorded[.]"), ¶ 24 ("Defendants also failed to ensure that patients received clear and conspicuous notice prior to their medical visits that their conversations might be recorded.").

The Court can take judicial notice of Sutter's NPP "because the document is publicly available from a source whose accuracy cannot reasonably be questioned and its contents can be accurately determined." *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001 (N.D. Cal. 2024) (taking judicial notice pursuant to Fed. R. Evid. 201 of "the existence and contents of" Meta's terms of service, privacy policy, and other documents "available on its website" in ruling on its motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  Indeed, courts routinely take judicial notice of

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

websites and their contents. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of documents available on publicly available websites); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases) ("websites and their contents may be judicially noticed"). The Court can take notice of the existence of a website even if it declines to take judicial notice of the truth of its contents. *Amin v. Subway Restaurants, Inc.*, No. 21-CV-00498-JST, 2021 WL 11680840, at *2 (N.D. Cal. Oct. 7, 2021).

Accordingly, the Court can judicially notice **Exhibit A**.

## IV.    **CONCLUSION**

For the foregoing reasons, **Exhibit A** is properly subject to judicial notice and should be considered by the Court in connection with Sutter's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

Dated: July 13, 2026

MCDERMOTT WILL & SCHULTE LLP

By: */s/ J. Jonathan Hawk*

J. JOHNATHAN HAWK
ARIANA R. SWAZER
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile:  +1 310 277 4730

David P. Saunders (Admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: +1 312 372 2000
Facsimile:  +1 312 984 7700

*Attorneys for Defendant*
SUTTER HEALTH

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES