J. Jonathan Hawk (254350)
jhawk@mcdermottlaw.com
Ari R. Swazer (359884)
Aswazer@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

David P. Saunders (Admitted *pro hac vice)*
dsaunders@mcdermottlaw.com
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, IL 60606-0029
Telephone: +1 312 372 2000
Facsimile: +1 312 984 7700

Attorneys for Defendant SUTTER HEALTH

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHRISTINA WASHINGTON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

SUTTER HEALTH, a California nonprofit corporation; and DOES 1-100, inclusive,

Defendants.

CASE NO. 4:26-cv-03012

**DECLARATION OF BRADEN CARKHUFF IN SUPPORT OF SUTTER HEALTH'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

**DECLARATION OF BRADEN CARKHUFF IN SUPPORT OF SUTTER HEALTH'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

I, Braden Carkhuff, declare and state as follows:

1. I am over the age of 18 and am competent to make this declaration. I submit this declaration in support of Sutter Health's ("Sutter") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) in the above-referenced matter. I have personal knowledge of each fact stated in this declaration and, if called as a witness, I could and would competently and truthfully testify thereto.

2. I am Sutter's Senior Deputy Chief Privacy Officer. I have served in that role since April 2026. As Sutter's Senior Deputy Chief Privacy Officer, I have knowledge of the following: (1) Sutter's history and operations, (2) Sutter's privacy practices, and its processes for ensuring patients are informed of and acknowledge these practices, and (3) Sutter's use of and relationship with Abridge AI, Inc. ("Abridge"). In addition, I have access to the Abridge and medical health records (if any) related to Plaintiff Christina Washingon.

**A. Abridge's Business Associate Agreement with Sutter**

3. Sutter implemented the Abridge platform as a modern tool to support clinical documentation, as part of its larger mission of improving patient care. Initially, Sutter provided only certain affiliated physicians with access to the Abridge platform. In the ordinary course of its operations, Sutter maintains a list of providers who were able to and did use the Abridge platform.

4. Prior to deploying the Abridge platform, Sutter entered into a written services agreement with Abridge, which contained a HIPAA Business Associate Agreement. Attached hereto as Exhibit 1 is a true and correct copy of Sutter's BAA with Abridge.

**B. Sutter's Notice of Privacy Practices**

5. Attached hereto as Exhibit 2 is a true and accurate copy of Sutter's Notice of Privacy Practices ("NPP") that has been in effect from February 16, 2026 to the present.

6. Attached hereto as Exhibit 3 is a true and accurate copy of Sutter's NPP that was in effect beginning June 12, 2017, and until February 15, 2026.

7. Sutter regularly provides patients with its NPP prior to their medical visits.

8. The NPP is also publicly available on Sutter's website, https://www.sutterhealth.org/patient-resources/privacy/hipaa-privacy.

9. Sutter's NPP is also available upon request by a patient.

**C. Plaintiff Christina Washington**

10. Sutter maintains records of its patients' visits with its providers, which show whether the patient received services at Sutter's facilities, who provided those services, and what documentation the patient completed prior to, during, or after receiving these services.

11. Sutter's records do not reflect a patient by the name of Christina Washington who received care on each of November 21, 2025, December 9, 2025 and March 2, 2026.

12. [redacted]

13. Moreover, Sutter's records show that any provider who may have spoken to Plaintiff in connection with those contacts did not have access to the Abridge platform.

14. Sutter's records show that Plaintiff signed an Acknowledgement of Receipt of Sutter's NPP on [redacted]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing statements are true and correct.

Executed this 14 day of August, 2026, in Minneapolis, Minnesota.

Braden Carkhuff

Senior Deputy Chief Privacy Officer